R. Keith Roark, ISBN 2230
THE ROARK LAW FIRM
515 1st Ave. South
Hailey, ID 83333
T: (208) 788-2427
F: (208) 788-3918
E: keith@roarklaw.com

E. Lee Schlender, ISBN 1171
SCHLENDER LAW OFFICES
2700 Holly Lynn Drive
Mountain Home, ID 83647
T: (208) 587-1999
F: (208) 587-3535
E: leeschlender@gmail.com

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTWON MCDANIEL,<br><br>                Plaintiff,<br><br>v.<br><br>DIETRICH SCHOOL DISTRICT NO. 314, STEPHANIE SHAW, BENJAMIN HARDCASTLE BENJAMIN HOSKISSON, WAYNE DILL, STAR OLSEN, KRIS HUBERT, PERRY VAN TASSELL, BRET PETERSON, MICHAEL TORGERSON, RICK ASTLE, BRAD DOTSON AND JOHN AND JANE DOES 1 – 10.<br><br>                Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND**<br><br>**FOR JURY TRIAL** |

COMPLAINT | 1

## PRELIMINARY STATEMENT AND PARTIES

1. This is a civil rights action brought by Plaintiff Antwon McDaniel (herein after "the Plaintiff"), an African-American male age 18, residing in Dietrich, Idaho and attending high school at the Dietrich School in Dietrich, Idaho.

2. Other claims for relief based upon both federal and state law are included herein.

3. Defendant Dietrich School District No. 314 (hereinafter "the District") is a duly constituted school district and a body corporate Dietrich School District No. 314 is a political subdivision, body corporate and politic of the State of Idaho, organized and operating under the laws of the State of Idaho and subject to certain federal statutes and constitutional provisions more fully set forth in this Complaint. The District is a "person" under the laws and Constitution of the United States of America.

4. The District is governed by a Board of Trustees which Board holds policy-making authority for the school district with respect to equal opportunity, anti-harassment, and anti-bullying policies. The School Board has the ability, authority and clear duty to promulgate policies, rules and regulations and take preventative and corrective action to prevent and sanction discrimination, harassment, mental abuse and physical abuse of and by students within its component schools.

5. Defendant Benjamin Hardcastle is the superintendent of instruction for the District and Stephanie Shaw is the principal of the Dietrich School, a kindergarten through twelfth grade school owned and operated by the District.

6. Defendants Starr Olson, Brad Dotson, Benjamin Hoskisson, Kris Hubert, Perry Van Tassell, are trustees and officers of the District.

7. Defendants Mike Torgensen, Bret Peterson, Rick Astle and Wayne Dill are

employees and/or volunteers for the District.

8. Doe Defendants 1 – 10 are individuals whose true and correct identities are not yet known to the Plaintiff and leave will be sought from the Court to amend this COMPLAINT once such information is received.

9. On or about August through October 2015 the Defendants herein were aware of or should have been aware of numerous incidents in which the Plaintiff was subjected to severe and pervasive harassment, racial discrimination, mental and physical assault and battery cumulating in a vicious anal rape of The Plaintiff by several white male students on the property of the Dietrich High School owned and operated by the Dietrich School District No. 314

10. Plaintiff contends that the humiliating mental abuse and brutal physical violence suffered by the Plaintiff was clearly apparent, obviously foreseeable and entirely preventable but the Defendants ignored and/or neglected their clear duty with deliberate indifference. As a result, the Plaintiff is permanently and severely damaged both mentally and physically, as described more particularly in this complaint.

11. The Attorney General's office of the State of Idaho has brought criminal charges against the rape assailants but no civil remedy has been afforded for damages and therefore, this action.

12. The Plaintiff has also suffered through numerous incidents of racially motivated physical and mental abuse, racial harassment and humiliation and outright deprivations of his constitutional right to due process and equal protection of law at the hands of students and employees of the District all of which the Defendants herein knew or should have known and did nothing to prevent or deter.

## SUMMARY

13. The Plaintiff is an African-American male adopted by a Caucasian couple, Tim and Shelly McDaniel, who reside in Dietrich, Idaho, and attended the Dietrich School in 2015.

14. Plaintiff suffers from certain mental disabilities and is so classified in accordance with an Individual Education Program (IEP) funded in whole or in part by the United States and administered by the State of Idaho and the District and at all times was assigned a professional assistant, commonly referred to as a "PSR" during school hours.

15. The Defendants were intentionally and/or negligently indifferent to a pervasive culture of racial hostility and discrimination directed towards the Plaintiff, including racial bullying, racial name-calling, racial taunting, racial harassment and humiliation and at least one physical beating at an event sponsored by the high school and supervised by employees of the District and, on a separate occasion, his anal rape in a locker room at the Dietrich School on or about October 23, 2015.

16. The Plaintiff is now and for a significant period of time has been a full time student in the District. The school district receives, directly and indirectly, funding from the State of Idaho and the Government of the United State of America for various school programs and is subject to all applicable statutes, rules and regulations of both the state and federal governments.

17. The Defendants knew that the Plaintiff was mentally disabled and, because of his race and disability, particularly vulnerable to bullying and harassment (both physical and mental) and was essentially helpless and incapable of defending himself. Therefore, the Defendants had a clear and continuing duty to protect the Plaintiff from

COMPLAINT | 4

the vicious, malicious racial harassment, mental abuse, humiliation and physical violence visited upon him by certain of his fellow students.

18. Notwithstanding their knowledge of the Plaintiff's special needs and vulnerabilities, the Defendants allowed or failed to take reasonable action to prevent the vicious, racially charged and discriminatory acts including bullying, harassment (both physical and mental), humiliation, and physical assault and battery which the Plaintiff was forced to endure at school and during school activities on and off campus.

19. The District's athletic coaches, both employees and volunteers, were aware or should have been aware that the Plaintiff was made the brunt of racial epithets, harassment, humiliation as well as physical attacks on the athletic field, on team bus trips and in the locker room and yet took no reasonable action to protect the Plaintiff from such conduct by his fellow students and prevent its continuation.

## JURISDICTION AND VENUE

20. This court has original jurisdiction under 28 U.S.C. §1331 over the Plaintiff's claims arising under federal law. Under 28 U.S.C. §1367, this court also has concurrent and/or supplemental jurisdiction with the courts of the State of Idaho over claims arising under the laws and Constitution of the State of Idaho as recognized by a court of the 9th Circuit *Angioscore, Inc. TriReme Med, Inc.*, 84 F.Supp.3d 767 986, 999 (N. D. Cal 2015). Necessary and appropriate Tort Claim notices have been filed and served. The statutory ninety (90) days for reply has not expired. This court also has jurisdiction of this cause and case under Title IV of the Civil Rights Act of 1964 prohibiting discrimination based on race, color or national origin; as codified at 14 U.S.C. §1983.

21. These Defendants deliberately or negligently placed the Plaintiff in danger

by acting with deliberate indifference to a known and obvious danger. That is, mental and physical damage abuse and racial discrimination, all under color of state law.

22. The court further has jurisdiction by reason of Defendants acting under color of state law depriving Plaintiff of the rights, privileges and immunities secured by the Equal Protection Clause of the 14th Amendment of the United States Constitution and 42 U.S.C §1984 and enforcement of violations under 28 U.S.C. §2201-2202 because Plaintiff seeks a declaration of his federal civil rights; in the form of a judgment that his civil rights have been violated rather than judgment for declaratory relief.

23. The Defendants had full knowledge of the mental disabilities and racial vulnerability of the Plaintiff, and were fully aware that he was participating school activities including the school's football program without appropriate safeguards and supervision and thereby permitted him to be subject to discrimination, harassment, humiliation and mental and physical abuse. This court has jurisdiction to enforce 42 U.S.C. §12132 (exclusion from peaceful and protected participation in a school sponsored activity) and 29 U.S.C. 794(a) (failure to implement programs and training to protect The Plaintiff with regard to his disability and inability to defend himself).

24. Finally, venue is proper with this court because all of the conduct and discrimination that Plaintiff complains of occurred in the State of Idaho. The amount in controversy is in excess of $75,000.00. However, this requirement does not apply to cases where jurisdiction is not based upon diversity.

25. The Plaintiff has duly filed his Notices of Tort Claim, required under Idaho State Statutes, with the District and has served notice on all Defendants herein in accordance with applicable provisions of the Statutes and Court Rules of the State of Idaho. Defendants have not, as of the date of the filing of this Complaint, had the full 90

days to which they are entitled in order to respond to such notice. Plaintiff asks that the Court exercise its supplemental jurisdiction over all claims arising under Idaho Law once the 90 day period has expired.

## FACTS

26. The Plaintiff was adopted when he was four years old by Tim and Shelly McDaniel who reside in Dietrich, Idaho. The McDaniel are a loving family and have adopted several children during the course of their marriage. The Plaintiff was diagnosed at an early age with mental disorders including learning disabilities and his parents were careful to raise him with appropriate guidance and protections, taking into account both his African-American race and disabilities.

27. While attending the Dietrich School, the Plaintiff was assigned appropriate staff to assist him in his high school classes in accordance with a program known as Individualized Education Program or "IEP" which is funded, in whole or in part, by the federal government and administered by the State of Idaho, pursuant to 20 U.S.C. §1401(14).

28. Accordingly, the Defendants were all on notice and well aware that the Plaintiff had learning disabilities and cognitive deficits that rendered him defenseless and helpless in coping with bullying, racial taunting, beatings and rape. The Plaintiff, like many if not most of his peers, wanted to play football for his school and made the football team for school year 2015-16.

29. Coincident with the Plaintiff entering his senior year of high school, a young man named John Howard transferred to the Dietrich School from the State of Texas. Mr. Howard is a large and aggressive male who had been sent to live with his

relatives in Idaho due to his inability to keep out of trouble in Texas. The Defendants knew or should have known of the aggressive and violent nature of Mr. Howard but were deliberately indifferent to the danger he posed to other students in general and the Plaintiff in particular. Mr. Howard is a relative of prominent individuals in the community and, at least in part due to his athletic ability and community connections, the Defendants ignored or were deliberately indifferent to the behavior of Mr. Howard which included aggression, taunting and bullying of The Plaintiff and other students in the District. With deliberate indifference, the Defendants did nothing to curb the vicious acts of Mr. Howard who brought with him from Texas a culture of racial hatred towards the Plaintiff.

30. In the summer of 2015, at the beginning of the football season, in the presence of several of the Defendants, the Plaintiff was taunted and called racist names by other members of the team which names included "Kool-Aid" "chicken eater" "watermelon" and "nigger". Mr. Howard taught the Plaintiff a vicious Ku Klux Klan song and demanded The Plaintiff recite the same. The song and lyrics are known as "Moon man" and can be found at http://xilyrics.com/lyrics/moonman_notorious_kkk.html. This is a racist taunt brought to the Dietrich School by Mr. Howard. It was recited to the Plaintiff while, at the same time a confederate flag was posted on Mr. Howard's computer. Mr. Howard demanded that the Plaintiff watch and learn the song.

31. On the school grounds and especially during football practices various football players would subject the Plaintiff to aggressive "humping", jumping on him from the back and simulating anal sex. This behavior was accompanied by taunting and laughing which was humiliating in the extreme. Various Defendants observed or were

aware of this activity and did nothing to stop it or prevent it from recurring.

32. The Plaintiff was continuously subjected to a practice known as "wedgies", where, on campus, his underpants were pulled and stretched up toward his head which caused extreme pain, humiliation and suffering and tearing of the underpants themselves. Once again, Various Defendants observed or were aware of this activity and did nothing to stop it or prevent it from recurring.

33. At one point in a math class, a student drew on a chalkboard a school bus showing The Plaintiff sitting in the back of the bus. All of the students saw the humiliating drawing, a copy of which is attached hereto as Exhibit A. Defendants knew or should have known of this incident but no action was taken to sanction the responsible student or students or to prevent such incidents from recurring.

34. In late August, 2015, prior to the commencement of the official football season, the school football staff held a football camp on a farm property in the Dietrich area. As part of the "toughening up" program, various athletes had nighttime fistfights in the presence of the school staff, including some of the Defendants named herein. At one point during a particular evening, the football players, all of whom were students in the District, made a circle along with various coaches. The Plaintiff was placed in the middle of this circle wearing boxing gloves to face the bully John Howard who was bare fisted. Mr. Howard is much bigger and stronger than the Plaintiff, who had never worn boxing gloves nor participated in such activity in his life. Multiple times the Plaintiff was knocked down and finally knocked unconscious. The beating of the Plaintiff was accompanied by catcalls, taunts and racial epithets of the football players/students in full view of coaches who not only failed to prevent the abuse but actively promoted it.

35. On another occasion, while riding a school bus returning from a football

game at night with the football coaches, the Plaintiff was stripped of his football pants and shorts. One or more of the football team members took photos with a phone camera/flash which the coaches did nothing to sanction the behavior of the offenders or to prevent further incidents of a similar nature.

36. On or about October 23, 2015, in what is commonly known as the "locker room" at the Dietrich School further abuse was suffer by the Plaintiff when he was given a "wedgie" and his underpants was pulled so violently that his stitching and hems were torn out, causing him extreme pain and humiliation. This was in plain view of at least one of the members of the coaching staff, who did nothing.

37. Although the coaching staff was typically located just outside of the locker room, there was no policy or procedure for monitoring what went on inside the locker room and the Plaintiff, on this and other occasions, was left to fend for himself in an extremely hostile environment.

38. Also on or about October 23, 2015, in the locker room, several of the Plaintiff's teammates, students at the Dietrich School, physically accosted the Plaintiff. One of them pretended to hug the Plaintiff, bending him downward while another, Tanner Ward, physically forced a coat hanger into the Plaintiff's rectum. John Howard then kicked the hanger several times, forcing it further into Plaintiff's rectum. The Plaintiff screamed and cried out but no staff member came to his assistance or even attempted to investigate the clamor from within the locker room.

39. The Plaintiff was later taken to two different hospitals where he was examined and treated for rectal injuries.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### (Discrimination based on race, color and national origin)

40. The Defendant District acted with direct knowledge of or deliberate indifference to the discrimination, physical and mental abuse and other unlawful acts against the Plaintiff as stated herein which was severe and objectively offensive and in violation of Title VI of the Civil Rights Act of 1964 based upon the abuse of and racial discrimination against the Plaintiff in violation of 42 U.S.C. §1983 and 42 U.S.C. §1984.

41. The individual Defendants in their individual and representative capacities also acted with direct knowledge of or deliberate indifference to the discrimination, physical and mental abuse and other unlawful acts against the Plaintiff as stated herein which was severe and objectively offensive and in violation of Title VI of the Civil Rights Act of 1964 based upon the abuse of and racial discrimination against the Plaintiff in violation of 42 U.S.C. §1983 and 42 U.S.C. §1984.

42. As a result of the actions and omissions of the Defendants herein the Plaintiff has suffered damages in an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF
### (Denial of Equal Protection (42 U.S.C. Sec.1983) Individual and *Monell* Liability)

43. The Defendants, individually, collectively and in their representative capacities have violated the Equal Protection Clause and the Due Process Clause of the 14th Amendment of the United States Constitution in their treatment of and deliberate indifference to the treatment of the Plaintiff by his fellow students and certain staff members.

44. The Plaintiff's African-American race was known to the Defendants and he constituted an identifiable class of persons. The School District and individual Defendants, in their individual and representative capacities, acted with deliberate indifference to the harassment, humiliation, mental and physical abuse and mistreatment of the Plaintiff by students of the District and thereby permitted and caused him to be bullied, beaten and raped. The District and the individual Defendants, in their individual and representative capacities, deprived the Plaintiff of his liberty and property interests under the Due Process Clause of the United States Constitution and the District's response to the racial discrimination and vicious attacks against the Plaintiff shock the conscious and trample on the Plaintiff's rights which are implicit in the concept of ordered liberty.

45. The deliberate indifference and negligent actions of these Defendants exposed the Plaintiff to harm from fellow students, including at least one student known to have a history of aggressive, bullying and violent behavior, on school property and while attending and participating in official school activities. At all times before, during and after these events, the Defendants were acting under color of state law.

46. The Defendants had policy making authority from the Defendant School District and by not acting to protect the Plaintiff they permitted, endorsed and ratified the assaults and discrimination against the Plaintiff.

47. The Defendants failed to adequately train employees to recognize, anticipate and prevent the harassment, discrimination, humiliation abuse and deprivation of rights suffered by the Plaintiff and they were deliberately indifferent to the obvious consequences of failure to train employees and educate students adequately, thereby depriving the Plaintiff thereby of his rights.

48. As a result of the actions and omissions of the Defendants herein the Plaintiff has suffered damages in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF
### (Violation of Equal Protection Clause/Equal Educational Opportunities Act of 1974)

49. Defendant District and the individual Defendants in their individual and representative capacities, failed, neglected and refused to investigate the abuse of the Plaintiff by his fellow students, knowing of his disabilities and racial vulnerability and failed to implement policies intended and designed to stop the racial taunting and vicious physical assaults and were deliberately indifferent to his abuse, harassment and humiliation.

50. As a result of the actions and omissions of the Defendants detailed herein, the Plaintiff has suffered damages in an amount to be proved at trial.

### FOURTH CLAIM FOR RELIEF
### (Deprivation of Rights Under the Idaho Constitution)

51. The actions, negligence and omissions of the Defendants, including their deliberate indifference to discrimination against the Plaintiff by students of the District, violated the Plaintiff's rights under the Idaho Constitution, including the guarantees of equal protection of the laws under Article I, Section 2, and the guarantees against being denied rights, privileges, or capacities on account of race. The Plaintiff has suffered and will continue to suffer harm, including emotional distress and psychological damage and damage to his character and standing in the community, as a direct and proximate result of the defendants' acts, omissions, and deliberate indifference.

52. As a result of the actions and omissions of the Defendants herein the Plaintiff has suffered damages in an amount to be proved at trial.

## FIFTH CLAIM FOR RELIEF
### (Negligent Supervision)

53. The Defendants, individually, collectively and in their individual capacities, had a duty to supervise the staff and students of the District in a manner intended and designed to protect the Plaintiff from racial harassment, racial discrimination and mental and physical abuse by his fellow students.

54. The District and the individual Defendants in their individual and representative capacities negligently failed to protect the Plaintiff from racial harassment, racial discrimination and mental and physical abuse by his fellow students on school property and during school activities, on and off campus, sponsored or sanctioned by the District.

55. As a result of the negligence of the Defendants herein the Plaintiff has suffered damages in an amount to be proved at trial.

## SIXTH CLAIM FOR RELIEF
### (Negligent Failure to Train)

56. Defendant District, its Trustees and administrators, had a clear duty to train school faculty and staff to recognize bullying behavior and take appropriate and effective steps to protect students from such behavior, including mental and physical abuse of vulnerable students by their fellow students.

57. Defendant District, its Trustees and administrators negligently failed to train its faculty and staff in the manner set forth in paragraph 56 above and thereby breached its duty to the Plaintiff.

58. As a result of the negligence of the District, its Trustees and administrators, the Plaintiff has suffered damages in an amount to be proved at trial.

### SEVENTH CLAIM FOR RELIEF
### (Negligent Failure to Inform and Educate)

59. The District, its Trustees and administrators had an affirmative duty to set policies and inform and educate its students as to what constituted bullying and that such behavior would not be tolerated on school property or during school activities on or off campus.

60. The District, its Trustees and administrators negligently failed to meet the duties set forth in paragraph 59 above and thereby breached such duty to the Plaintiff.

61. As a direct and proximate result of the failure of the District, its Trustees and administrators to meet their duty as described in paragraph 59 above, the Plaintiff has suffered damages in an amount to be proved at trial.

### EIGHTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

62. The conduct of the Defendants in permitting the harassment, humiliation, mental abuse, physical abuse and rape of the Plaintiff was extreme and outrageous.

63. As a direct and proximate result of the extreme and outrageous conduct of the Defendants, the Plaintiff has suffered severe emotional distress.

### NINTH CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)

64. The Defendants herein, individually, collectively and in their individual and collective capacities, all owed to the Plaintiff a duty to protect him and keep him safe from racial harassment, humiliation and abuse both mental and physical.

65. The conduct of the Defendants in permitting the harassment, humiliation, mental abuse, physical abuse and rape of the Plaintiff was extreme and outrageous.

66. As a direct and proximate result of the extreme and outrageous conduct of the Defendants, the Plaintiff has suffered severe emotional distress.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter a judgment in his favor against the Defendants, jointly and individually and award the following relief:

1. Money damages in an amount calculated to fairly and reasonably compensate the Plaintiff for the deprivation of his rights, including compensatory damages, consequential and presumed damages by reason of all discriminatory acts including but not limited to racial discrimination, mental and physical assault and abuse, including beatings and anal rape in the sum of not less than ten million dollars.

2. Declaration that the Defendants violated the Plaintiff's constitutional rights under the Idaho Constitution and the Constitution of the United States.

3. Punitive damages in a sum as the court and jury deem equitable in the premises.

4. Any and all other appropriate relief, including injunctive or declaratory relief.

5. Attorneys' fees, costs, pre and post judgment interest at the highest lawful rate.

6. Any and all other relief with respect to damages, violations of law, and violations of the Constitutions of Idaho and the United States of America as the court

deems just in the premises.

## JURY DEMAND

The Plaintiff herein demands a jury trial on all issues triable to a jury.

DATED this 12th day of May 2016.

_____
R. Keith Roark, Attorney for the Plaintiff