UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTWON McDANIEL,<br><br>      Plaintiff,<br><br>vs.<br><br>DIETRICH SCHOOL DISTRICT NO. 314, STEPHANIE SHAW, BENJAMIN HARDCASTLE, BENJAMIN HOSKISSON, WAYNE DILL, STAR OLSEN, KRIS HUBERT, PERRY VAN TASSELL, BRET PETERSON, MICHAEL TORGERSON, RICK ASTLE, BRAD DOTSON and JOHN AND JANE DOES 1-10,<br><br>      Defendants. | Case No.  1:16-cv-00202-BLW<br><br>ORDER IMPLEMENTING STIPULATED CLAWBACK AGREEMENT |

   This matter, having come before this court on the Parties' Stipulated Clawback Agreement, and good cause appearing therefore, IT IS HEREBY ORDERED, and this does Order that:

   1. At no time during the course of discovery do the parties intend to disclose documents subject to a claim of attorney-client privilege, work product protection, or any other privilege or protection.  If nevertheless, a party producing documents in the course of discovery ("Producing Party"), through inadvertence or otherwise, discloses such privileged or protected documents ("Privileged Documents") to any of the other parties in this action ("Receiving Party"), the disclosure of Privileged Documents shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege, work product protection, or any other privilege or personal identifying information (such as Social Security numbers, names of minor children, dates of birth, financial account numbers, home addresses, student data protected by the

Family Educational Right to Privacy Act ("FERPA"), the Court's Protective Order entered in this matter, or such other personal information as is otherwise governed by Local Rule 5.5) that the Producing Party would otherwise be entitled to assert with respect to the Privileged Documents and its subject matter.

2. If a Producing Party, in writing, notifies a Receiving Party of disclosed Privileged Documents, or a Receiving Party becomes aware that the Receiving Party is in possession of inadvertently disclosed Privileged Documents, the Receiving Party shall:

    a) immediately cease using, copying, or distributing the Privileged Documents;

    b) shall return, within seven (7) calendar days, all copies of such documents, including any document created by the Receiving Party and its counsel based upon the Privileged Documents;

    c) shall retrieve any Privileged Documents and copies thereof, including any document created by the recipient based upon the Privileged Documents, disclosed to any other person including, but not limited to, non-parties, witnesses, and expert witnesses, and shall thereafter return any such documents within fourteen (14) calendar days; and

    d) shall not use, reference, or disclose any information contained in such Privileged Documents during the litigation or to any other person, including, but not limited to, non-parties, witnesses, and expert witnesses, except as otherwise provided in Paragraph 3, below.

3.	This Agreement does not preclude a Receiving Party from applying to the court for an Order permitting it to have Privileged Documents produced.  However, in making such application, the Receiving Party shall not argue that the Producing Party has waived or forfeited any privilege as a result of the production of the Privileged Documents.

DATED: October 17, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court