UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTWON McDANIEL<br><br>  Plaintiff,<br><br>  v.<br><br>DIETRICH SCHOOL DISTRICT NO. 314, et al.,<br><br>  Defendants. | Case No. 1:16-cv-202-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it plaintiffs' motion for disclosure and defendants' motion for protective order. The motions are fully briefed and at issue. For the reasons expressed below, the Court will grant in part and deny in part the motion for disclosure, and grant the motion for protective order with the direction for the parties to submit a stipulated protective order that does not waive McDaniel's right to challenge the defendants' claim that the investigative report and associated materials are protected by the Family Educational Right to Privacy Act.

## ANALYSIS

Plaintiff Antwon McDaniel brings this action for damages alleging that he was subjected to racial discrimination, pervasive harassment, and anal rape while a student at Dietrich High School. McDaniel seeks in discovery an un-redacted version of an investigative report, prepared immediately after the incident of alleged rape, by Dietrich

**Memorandum Decision & Order – page 1**

School District Superintendent Ben Hardcastle and Principal Stephanie Shaw. The defendants have agreed to provide the un-redacted report and associated material, but request that the report and material be subject to a protective order preventing McDaniel from sharing this material with the press or public. McDaniel agrees, but takes issue with the defendants' claim – set forth in the proposed protective order and in briefing here – that "all District documents related to the investigation of the allegations as well as all documents related to the ultimate expulsion of the students are 'educational records' as defined by FERPA [Family Educational Right to Privacy Act] and are therefore 'Protected Materials' under this motion [for protective order]." *See Defense Brief (Dkt. No. 15)* at p. 2.

      The defendants' agreement to provide un-redacted copies of the investigative report and associated notes resolves most of McDaniel's motion for disclosure. But besides seeking the un-redacted materials, McDaniel also wanted to delay his own duty to provide initial disclosures until defendants fully comply with their duty to provide un-redacted materials. This request must be denied because Rule 26(a)(1)(E) expressly rejects justifying a delay on the other side's refusal to comply. The Court will therefore grant McDaniel's motion for disclosure only in part, and deny that part seeking to delay submitting his own initial disclosures.

      The defendants' motion for protective order can be resolved with the following analysis. Both sides agree that the investigative report and associated material must be produced under the terms of a protective order. The dispute is over whether that material is protected from public disclosure by FERPA. McDaniel has disclaimed any desire to

**Memorandum Decision & Order – page 2**

reveal this material to the press outside of a motion he may file with the Court. And the Court cannot predict now what portion of the materials McDaniel might use to support any such motion in the future. Obviously, the Court will need to know precisely what materials McDaniel seeks to disclose before the Court can determine whether the materials are protected by FERPA. Any opinion the Court would issue now would be nothing more than an advisory opinion.

None of this discussion makes the entry of a protective order any less important – one must be entered. But it is crucial to recognize that while the entry of a protective order that deems certain material confidential governs discovery, it does not govern the ultimate decision of the Court to determine whether documents filed with the Court should be sealed from public inspection. Courts generally apply a "compelling reasons" standard when considering whether to seal documents filed in support of motions. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). "This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178. To overcome this strong presumption, the party seeking to seal documents must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79.

A protective order limiting access to discovery documents does not relieve a party from satisfying the "compelling reasons" test when that discovery is later utilized in a dispositive motion. *See id.* at 1183 (noting that a stipulated blanket protective order for purposes of discovery, without more, "does not justify sealing court records"). As the Ninth Circuit explained in *Kamakana*, judges may grant pre-trial protective orders without the benefit of making individualized determinations as to specific documents. *Id.* at 1183. Thus, a protective order cannot by itself be a compelling reason that rebuts the presumption of public access to court documents. *See id.*

The Court will therefore make the ultimate determination of whether the materials are protected by FERPA once the specific materials have been identified for filing with the Court. In the meantime, the Court will direct the parties to draft a protective order that does not force McDaniel to waive any claim that the documents are not protected by FERPA. For example, the protective order can contain the respective positions of the parties and recognize that the Court will make the ultimate determination. The Court is confident that the parties, with this direction, can draft a stipulated protective order. The Court will therefore grant defendants' motion for protective order with the understanding that the parties will submit to the Court a stipulated protective order that does not waive any right of McDaniel to challenge the defendants' claim that the materials are protected by FERPA.

## ORDER

In accordance with the Memorandum Decision set forth above,

**Memorandum Decision & Order – page 4**

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for disclosure (docket no. 14) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it requests a complete initial disclosure of un-redacted documents and exhibits, but is denied to the extent it requests a delay in plaintiff's own initial disclosure obligation.

IT IS FURTHER ORDERED, that defendants' motion for protective order (docket no. 15) is GRANTED, and the parties shall submit a proposed stipulated protective order to the Court for approval that does not waive any right of plaintiff to challenge the defendants' claim that the materials are protected by FERPA.

DATED: October 28, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court