UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTWON McDANIEL<br><br>  Plaintiff,<br><br>  v.<br><br>DIETRICH SCHOOL DISTRICT NO. 314, et al.,<br><br>  Defendants. | Case No. 1:16-cv-202-BLW<br><br>**PROTECTIVE ORDER** |

**Scope of Order**

     The parties disagree over whether documents to be produced in discovery are protected from public disclosure by the Family Educational Right to Privacy Act ("FERPA") (20 U.S.C. § 1232g, et seq), and the American Health Insurance Portability and Accountability Act of 1996 ("HIPAA") (45 C.F.R. Part 160, Part 162, and Part 164).

     The defendants claim that all District documents related to the investigation of the allegations as well as all documents related to the ultimate expulsion of the students are covered by FERPA and HIPAA, and protected from public disclosure. The plaintiffs disagree and assert that defendants' claims of FERPA and HIPAA protection are too broad. There is agreement, however, on one point: Both sides agree that during the discovery phase of this case the documents claimed by the defendants to be protected

**Protective Order – page 1**

should be kept confidential; their disagreement is over whether the documents should continue to be protected from public view once filed with the Court.

As the Court stated in its earlier decision on this issue, the Court will ultimately determine whether any document filed with the Court shall be sealed. In that analysis, "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). But any decision now on whether documents are protected by FERPA or HIPAA would be premature because none of the disputed documents have been filed with the Court. Until the Court knows precisely what documents are at issue, any decision would be advisory, abstract, and ill-advised.

This Protective Order is designed to maintain the confidentiality of materials designated by the parties as "Protected Materials" until the Court makes a final ruling. There is nothing in this Protective Order waiving the rights of either party to argue either for or against FERPA and HIPAA protection. Both sides reserve the right to argue their respective positions when documents are filed with the Court.

The defendants, in producing discovery to the plaintiff, shall designate which documents being produced are "Protected Materials" that they allege are protected by FERPA and HIPAA.

**Access to and Use of Protected Materials.**

The Parties may only use Protected Materials, which shall be conspicuously marked "Confidential," for the purposes of this litigation, and may only make said materials available to: (a) counsel of record for any party, and the legal associates, clerical or support staff of such counsel assisting in the preparation of this matter; (b) a

**Protective Order – page 2**

party and a party's employees, or independent experts, or potential experts, or any other person employed or retained by counsel for the purpose of assisting counsel in this action, after said party has advised such person of the provisions of this Order and secured his or her agreement, in writing, to abide by its terms; (c) witnesses, court personnel and court reporters in any proceeding held in connection with this action and to whom there is a legitimate need to disclose particular materials; and, (d) case evaluators, facilitators, and mediators after said party has been advised of the provisions of this Order and secured agreement, in writing, to abide by its terms.

Each individual who receives any Protected Materials herby agrees to subject himself/herself to the jurisdiction of this Court for any purposes of any proceedings related to the enforcement of this Protective Order.

**Handling Protected Materials**.

If any party files with the Court any pleading, interrogatory, answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting or otherwise embodying confidential material, the pleading or other paper in which any Protected Material is embodied shall be filed and maintained under seal and shall not be available for public inspection, pending a decision by the Court on whether the material should remain sealed. The party making the filing shall comply with D.Idaho.L.Civ.R. 5.3, and R. 5.5.

**Miscellaneous**

1. This Order shall not prevent either party form applying to the Court for relief from this Order or any part thereof or for relief from its application in any particular

**Protective Order – page 3**

circumstance, or from applying to the Court for further or additional protective agreements or orders. This Order shall survive the final determination of this or related proceedings to the extent that the protected materials have not or do not become known to the public.

    2. The parties may rely on a waiver of the provisions of this Order or consent to disclosure of protected materials that is made by the producing party's attorney as if that waiver or consent was made by the producing party itself, provided that such waiver or consent is express and shall be either in writing or on the record in a hearing, trial, or deposition transcript.

    3. In the event a party receives a subpoena or other legal or governmental demand for protection of any Protected Material, the subpoenaed party shall notify the requesting part of the subpoenaed party's obligations defined by the Order in order to allow the requesting party to take appropriate steps in obtaining a court order, if the Court in this action so deems ordering the production of the Protected Materials.

    4. All Protected Materials and all copies (including electronic, paper and any other versions thereof), shall be returned to the producing party or otherwise permanently destroyed or deleted by the requesting party within thirty (30) days following termination of this litigation between the parties, including all appeals. If permanently destroyed or deleted, counsel for the requesting party shall provide written assurance to counsel for the producing party of such destruction or deletion within thirty (30) days following termination of this litigation.

5. Except as specifically provided herein, the terms, conditions and limitations of this Protective Order shall survive the termination of this action.

DATED: November 3, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Protective Order – page 5**