UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTWON McDANIEL<br><br>  Plaintiff,<br><br>  v.<br><br>DIETRICH SCHOOL DISTRICT NO. 314, et al.,<br><br>  Defendants. | Case No. 1:16-cv-202-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to quash subpoena filed by the Idaho Department of Health and Welfare, a motion for a Rule 35 examination filed by defendants, and a motion to appoint a guardian ad litem filed by the plaintiff.  The motions are fully briefed and at issue.  For the reasons set forth below, the Court will deny the motion to quash, grant the motion for a Rule 35 examination, and reserve ruling on the motion for a guardian ad litem until the Court can conduct an evidentiary hearing.

## BACKGROUND

Plaintiff McDaniel brings this action for damages alleging that he was subjected to racial discrimination, pervasive harassment, and anal rape while a student at Dietrich High School.  McDaniel alleges that his injuries include a severe and permanent stress disorder that will require life-long counseling and treatment.  At the time of these incidents, McDaniel was in foster care with the family of Tim and Shelly McDaniel who

**Memorandum Decision & Order – page 1**

have been foster or adoptive parents for many children over the years. In that capacity as foster and adoptive parents, Tim and Shelly McDaniel have worked closely with IDHW.

To determine whether McDaniel's injuries resulted from the incidents alleged or from some other cause, the defendants sought the IDHW files on the McDaniel family. Unable to reach an agreement out of court, the defendants filed a subpoena on the IDHW seeking the following documents:

(1) Any and all adoption records related to any children placed in the care of Tim McDaniel and Shelly McDaniel at any time;

(2) Any and all foster care records related to any children placed in the care of Tim McDaniel and Shelly McDaniel at any time;

(3) Any and all documents which have been submitted in connection with, or as part of any applications for adoption or foster care by Tim and/or Shelly McDaniel;

(4) Any and all documents pertaining to any complaints, issues or concerns lodged by any persons including third parties, government officials, or any child in their permanent or temporary care; and

(5) Any and all documents showing monies paid to either Tim or Shelly McDaniel related to any children in their permanent or temporary care.

The IDHW responded by filing a motion to quash the subpoena, arguing that it was overbroad and unduly burdensome. In the alternative, the IDHW argued that if the material must be turned over that it be covered by a protective order. Defendants agreed to the issuance of a protective order, but the parties were unable to stipulate to its terms. The issue must therefore be resolved by the Court.

**Memorandum Decision & Order – page 2**

Plaintiffs have filed a motion to appoint McDaniel's father – Tim McDaniel – as his guardian ad litem.  The defendants agree that McDaniel needs a guardian ad litem but ask that a neutral attorney be appointed instead of McDaniel's father.

Finally, the defendants filed a motion for Rule 35 examination that was resolved during a telephone conference with the Court.  The Court will describe that agreement at the end of this decision.

The Court will now turn to a discussion of the legal standards that govern the motion to quash and the motion for guardian ad litem, and will then resolve those motions as well as the motion for Rule 35 examination.

## LEGAL STANDARDS

**Motion to Quash Subpoena**

Under Rule 45(a), defendants may seek a subpoena commanding a third party, such as the IDHW, to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." *See Fed.R.Civ.P. 45(a)(1)(A)(iii)*.  The Court may quash or modify the subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *See Fed.R.Civ.P. 45(d)(3)(A)(iii)*.

To provide protection for sensitive material, Rule 26(c) authorizes the Court to issue a protective order "for good cause" to protect a party or any person from "annoyance, embarrassment, oppression or undue burden or expense." *See Fed.R.Civ.P. 26(c)(1)*.  The party seeking a protective order must demonstrate that "good cause" exists for the protection of that evidence.  *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th

**Memorandum Decision & Order – page 3**

Cir.2004). "Good cause" is established where it is specifically demonstrated that disclosure will cause a "specific prejudice or harm." *Rivera*, 384 F.3d at 827. But "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Rivera,* 384 F.3d at 827.

**Motion for Appointment of Guardian Ad Litem**

The Court has the power to appoint a guardian ad litem pursuant to Rule 17(c)(2). The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit. *Davis v Walker,* 745 F.3d 1303, 1310 (9th Cir. 2014). "We read Rule 17(c) to require a district court to take whatever measures it deems proper to protect an incompetent person during litigation." *Id.* at p. 1311 (citation omitted).

The powers of a guardian ad litem appointed under Rule 17(c)(2) "are limited to protecting the legal rights of the disabled party in the particular litigation and no property may pass into the guardian's hands." *See 6A Wright, Miller & Kane,* Federal Practice and Procedure*,* § 1572 at p. 685 (2010). McDaniel will need to get a general guardian appointed in state court if he prevails and the guardian is to receive any award. *Id.* at pp. 685-86.

## ANALYSIS

**Motion to Quash Subpoena**

Because the IDHW files could shed light on pre-existing conditions and the conditions in the McDaniel home, they are discoverable. The IDHW argues, however, that by requesting materials on all children placed in the McDaniel home, the subpoena is overbroad and unduly burdensome. This request would involve, according to the IDHW,

**Memorandum Decision & Order – page 4**

a minimum of 17 children, whose files are organized and stored by their biological names and birthdate, and not under the name of the McDaniel. Thus, those files would be difficult for the IDHW to obtain because the defendants have not identified the children by name. Moreover, the records of each child are held in different offices.

But this burden was removed by defendants' clarification that they are only seeking IDHW "documents and records pertaining to the McDaniel family." *See Defense Brief (Dkt. No. 39)* at p. 8. Thus, the defendants are not seeking each child's individual file, but only the single file for the McDaniel family. The Court would have placed this limitation on the subpoena in any event.

It may be that after reviewing the McDaniel family file, the defendants will request the individual files of certain children. The Court expresses no opinion at this time whether such additional discovery will be allowed. But at this point, the Court will order the IDHW to turn over the McDaniel family file. From the Court's telephone conference with counsel, the Court understands that the only redactions will be to Social Security numbers and birthdates. More specifically, the IDHW shall not redact the names of any children in the file.

The defendants offered a protective order to keep the material confidential. *See Proposed Protective Order at Exhibit D (Dkt. No. 39-1).* That protective order gives the proper level of protection to the material, and the Court will direct defendants to provide a copy to the Court for issuance.

**Motion for Appointment of Guardian Ad Litem**

McDaniel asks that his father be appointed while defendants ask that a neutral attorney be appointed. Under the authorities cited above, the Court has broad discretion in selecting a guardian ad litem. The parties have raised in their briefing questions that require more information to answer. Some of that necessary information might come from the IDHW file that the Court ordered produced, as discussed above. More information would be provided in a hearing where the Court could hear from Tim McDaniel and any other candidate for guardian ad litem. The Court will therefore reserve ruling on the motion until it can hold a hearing, and the Court will set that hearing on a date sufficiently in the future to give the parties an opportunity to review the IDHW file.

The Court will also order the IDHW to provide two copies of the file, one for plaintiff and one for the defense.

**Motion for Rule 35 Examination**

During a telephone conference with the Court, the parties agreed that (1) Mark Ellis, rather than Tim McDaniel, would sit in on the exam with McDaniel; (2) No attorneys would attend the session; (3) the session would be videotaped; (4) the session would be a day long, with another session to be scheduled if needed; and (5) the defendants would pay Mark Ellis and the plaintiff to attend the session in Boise. The Court will therefore grant the motion pursuant to the agreement on these five points.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to quash (docket no. 34) is DENIED. The IDHW shall provide, within ten days from the date of this decision, two copies of the McDaniel family file materials to the Clerk's Office of the Court (to the attention of Law Clerk David Metcalf), and the Court will distribute the two copies to counsel.

IT IS FURTHER ORDERED, that defendants shall provide to the Court for signature a clean copy of the Proposed Protective Order at Exhibit D (Dkt. No. 39-1).

IT IS FURTHER ORDERED, that the motion for guardian ad litem (docket no. 26) is RESERVED pending a future hearing.

IT IS FURTHER ORDERED, that a hearing shall be held on the motion for guardian ad litem (docket no. 26) on **May 9, 2017, at 3:00 p.m.** in the Federal Courthouse in Boise Idaho.

IT IS FURTHER ORDERED, that the motion for Rule 35 examination (docket no. 33) is GRANTED pursuant to the five agreements listed above.

DATED: March 6, 2017

B. Lynn Winmill
Chief Judge
United States District Court